! \W LIBRARY

NO. 30001

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RICKY MOORE, Defendant-Appellant

JEAN R. KIKUMOTO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 MAY 10 AM 8:12

FILED

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 08-1-1252)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Ricky Moore (**Moore**) appeals the Circuit Court of the First Circuit's (**Circuit Court's**) July 22, 2009 Judgment of Conviction and Sentence, which convicted him of Robbery in the First Degree in violation of Hawai'i Revised Statutes (**HRS**) § 708-840(1)(b)(ii) (Supp. 2008).[1]

Moore raises the following points of error on appeal: (1) there was insufficient evidence to support the conviction for Robbery in the First Degree because the evidence failed to establish the requisite intent; and (2) the Deputy Prosecuting Attorney's (**DPA's**) improper comments to the jury during rebuttal embodied the personal opinion of the DPA and, therefore, constituted prosecutorial misconduct which was not harmless beyond a reasonable doubt.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Moore's points of error as follows:

(1)  Moore argues that there was insufficient evidence to support the conviction for Robbery in the First Degree because the evidence failed to establish the requisite intent.

---

[1]  The Honorable Richard K. Perkins presided.

Specifically, Moore argues that "the threat he used with the scissors was not to aid in the theft, but to aid in self-protection" because of the "simultaneous threats and racial slurs" by the Food Pantry employees.

HRS § 708-840(1)(b)(ii) states in relevant part:

**§ 708-840 Robbery in the first degree.** (1) A person commits the offense of robbery in the first degree if, in the course of committing theft or non-consensual taking of a motor vehicle:

. . . .

(b) The person is armed with a dangerous instrument and:

. . . .

(ii) The person threatens the imminent use of force against the person of anyone present *with intent to compel acquiescence to the taking of or escaping with the property*[.]

(Emphasis added.)

Viewing the evidence in the light most favorable to the prosecution, which we must do, there was substantial credible evidence to enable a person of reasonable caution to support the conclusion that Moore threatened the imminent use of force against the Food Pantry employees with the intent to compel acquiescence to the taking of or escaping with the steaks. Three witnesses testified, *inter alia*, that when Moore took out a scissors blade and began back pedaling out of Food Pantry with the steaks, Moore threatened that he would "kill" or "stab" them if they tried to stop him. The Food Pantry employees all testified that they did not threaten Moore or use racial slurs against him. We conclude that there was sufficient evidence of the requisite intent for Robbery in the First Degree and the Circuit Court did not err in denying Moore's motion for judgment of acquittal.

(2) Moore argues that the DPA's reference in the following statement to "the truth, the honest truth," made during the rebuttal argument, was improper and constituted prosecutorial misconduct:

> The fact of the matter is they're saying, hey, believe Zang Wong, believe John Ellis for these things because, hey, those guys were honest. It's not their job to prove the State's case to you. It's not their job to try to win a conviction. They came before you and they told you the truth, the honest truth. When they were asked, hey --

The Hawai'i Supreme Court has "held that prosecutors are bound to refrain from expressing their personal views as to a defendant's guilt or the credibility of witnesses." State v. Nakoa, 72 Haw. 360, 371, 817 P.2d 1060, 1066 (1991) (citation omitted). However, the DPA's comment began with "the fact of the matter is they're saying, hey, believe Zane Wong . . ." This followed defense counsel's argument that, *inter alia*:

> Based on the State's own witness - - on their own witnesses, there was never any threats specific towards Zane Wong[.]
> . . . .
> You've heard the testimony that Ricky was - - it looked like Ricky was just trying to get away. Okay, that's what Shannon Nishimura said, that's what Zane Wong said, and that's what John Ellis said.
> . . . .
> The bottom line is this: Even according to Zane Wong's own testimony he was just walking normally, okay. . . . He wasn't trying to stab Zane Wong.

It appears that the DPA was merely recharacterizing and responding to defense counsel's closing argument that the State's witnesses should be believed and that their testimony favors the defendant's theory of defense, *i.e.*, that Moore was just trying to get away. The DPA was not asserting his personal opinion on the credibility of the State's witnesses. Accordingly, particularly when viewed in the context of the closing arguments as a whole, the DPA's remarks were not improper and did not deprive Moore of a fair trial.

For these reasons, we affirm the Circuit Court's July 22, 2009 Judgment of Conviction and Sentence.

DATED:  Honolulu, Hawaiʻi, May 10, 2010.

On the briefs:

Linda C.R. Jameson
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge